UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY L. DOWNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV- 00623 RWS |
| JEFF NORMAN, | ) |
| | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

Petitioner Percy L. Downer seeks a writ of habeas corpus, under 28 U.S.C. § 2254, arguing that his due process rights have been violated in four ways. [Doc. 1]. After careful consideration of Downer's petition [Doc. 1], and respondent's brief [Doc. 11], I deny Downer's petition for the reasons set forth below.

# **BACKGROUND**

On or about November 8, 2014, Percy Downer was involved in a domestic dispute. The dispute began when Downer yelled at the victim to get her belongings out of the bathroom so he could shower. When she exited the bathroom, Downer punched her multiple times causing her to fall to the ground. Once she was on the ground Downer proceeded to choke and kick her. Downer was subsequently arrested and charged with two counts of domestic assault in the second degree, and one count of domestic assault in the third degree.

1

Downer entered an *Alford*[1] plea to two counts of domestic assault in the second degree and one count of domestic assault in the third degree on June 1, 2015. The plea court discussed the possibility of sentencing Downer to probation but made clear that it would review Downer's sentencing report and hear from the victim prior to entering a sentence. The court made no promise with regard to sentencing. When questioned by the court about his representation, Downer did not express any dissatisfaction about the representation he had received.

At Downer's sentencing on July 10, 2015, the victim told the court that since entering his plea Downer had stabbed her multiple times in the head and neck. After reviewing Downer's sentencing report and considering the testimony of the victim, the court entered its judgment and sentenced Downer as a prior and persistent offender to fifteen years imprisonment for each charge of second-degree domestic assault, to run consecutively, and one year imprisonment for the third-degree assault charge to run concurrently.

Downer did not make a direct appeal in the state court system and, to date, has not provided any explanation for failing to do so. Downer did seek post-conviction relief through the state court system, filing a Missouri Supreme Court Rule 24.035 motion pro se on November 3, 2015. After obtaining counsel

---

[1] When an *Alford* plea is entered, the defendant is not admitting the acts of the alleged crimes. Instead a defendant is admitting that based on the evidence the prosecutor would show at trial, they would likely be found guilty beyond a reasonable doubt. *See* North Carolina v. Alford, 400 U.S. 25, 37 (1970).

Downer's motion was amended. Downer sought an evidentiary hearing based on claims that he had been subject to double jeopardy and that the trial court inappropriately accepted his plea. Downer's amended motion was denied on February 8, 2017 because the court found that his claims were refuted by the record. On February 17, 2017 Downer filed a motion to reconsider, or in the alternative, a motion to amend the order and judgment, claiming the court had failed to address his double jeopardy claims. This claim was denied on March 2, 2017. Downer filed an appeal after being granted leave to do so. On February 13, 2018, the Missouri Court of Appeals affirmed the motion court's denial of Downer's motion for postconviction relief. He then filed this petition for a writ of habeas corpus on April 18, 2018.

## **LEGAL STANDARD**

In order for Downer to prevail under § 2254, he must show that either he has exhausted the remedies available in the state court or there is no effective process available in the state court to protect his rights. 28 U.S.C. § 2254(b). Downer must also show the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Since, Downer claims ineffective assistance of counsel, he must

demonstrate the performance of his counsel fell below an objective standard of reasonableness and that the he was prejudiced by the ineffective assistance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To make a showing that he has been prejudiced Downer must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Prior to bringing a § 2254 petition a prisoner of the state must exhaust the state law remedies available to them. In O'Sullivan v. Boerckel, the Supreme Court of the United States determined that for purposes of exhaustion a "state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. 838, 845 (1999). In Missouri, because it is considered an extraordinary measure, a prisoner need not appeal their claim to the State Supreme Court to exhaust their remedies under § 2254. *See* Mo. Sup. Ct. R. 83.04; *see also* Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002) (stating the Missouri State Supreme Court's amendment to Rule 83.04 following O'Sullivan "makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful opportunity to resolve federal constitutional claims.").

If a petitioner fails to exhaust his claims in state court, they may be

procedurally defaulted. A claim is procedurally defaulted if the petitioner "violates a state procedural rule and this violation serves as an independent and adequate state-law basis to uphold the state courts' dismissal of a claim, thereby precluding consideration of federal claims on direct appeal." Franklin v. Hawley, 879 F.3d 307, 311 (8th Cir. 2018) (internal citation omitted).

## ANALYSIS

Downer argues that his due process rights have been subject to four violations. Downer's first three claims are related to his claim that he has been subjected to double jeopardy. First, Downer argues that his incarceration is unconstitutional because he was sentenced on three separate assault charges arising from the same incident which he claims has subjected him to double jeopardy. Second, Downer claims that he received ineffective assistance of counsel because his trial counsel failed to raise a claim of double jeopardy as a ground for dismissal of two of the charges he faced. Third, Downer claims the plea court erred when it accepted his *Alford* plea on three separate counts of assault. Finally, Downer claims his *Alford* plea was not voluntary because he would not have made the plea if he had known he would not receive probation.

Federal habeas review of a claim is barred where a prisoner has defaulted his federal claims in a state court under an independent and adequate state procedural rule. Coleman v. Thompson, 501 U.S. 722, 750 (1991). State procedural rules are

5

adequate and independent when they are "firmly established and regularly followed." Oxford v. Delo, 59 F.3d 741, 746 (8th Cir. 1995). If "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," a federal habeas court is precluded from reviewing the claim. Harris v. Reed, 489 U.S. 255, 263 (1989).

The Missouri Court of Appeals was the "last state court rendering a judgement in this case" and its ruling stated that "Downer's double jeopardy claim fails because it [was] not cognizable in his postconviction proceeding since it was not raised on direct appeal." [No. 1-3, p. 7]. The Missouri Court of Appeals' then went on to discuss the merits of the double jeopardy claims in detail. Accordingly, even though the state court correctly held that the claims were procedurally defaulted, I will review the merits of the claims.

## I. THE STATE COURT'S DENIAL OF THE DOUBLE JEOPARDY CLAIMS ARE ENTITLED TO DEFERENCE

When considering the merits of a federal habeas petition based on a claim that the state court misapplied federal law, "a federal court may grant relief only if the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States.'" Lopez v. Smith, 135 S. Ct. 1, 2 (2014) (quoting 28 U.S.C. § 2254(d)(1)). Federal habeas relief from a state court's decision that a claim lacks merit is precluded provided "fair-minded jurists could disagree" on the correctness

6

of the state court's decision. Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

In his motion for post-conviction relief Downer made claims of double jeopardy, ineffective assistance of counsel, and plea court error in accepting his *Alford* plea. [No. 1]. The Missouri Court of Appeals denied him relief. After holding that Downer's claim was procedurally defaulted, the Court of Appeals considered the merits of his claims and held that "Downer's claims fail because there was no double jeopardy violation…" [No. 1-3, p.7]. The decision of the Missouri Court of Appeals that Downer's claims lacked merit is reasonable and entitled to deference.

### A. THE STATE COURT DECISION THAT THE DOUBLE JEOPARDY CLAIMS LACKED MERIT ARE REASONABLE.

Downer claims he was subjected to double jeopardy because the three separate counts of assault he was charged with were not in fact separate crimes. [No. 1]. The Missouri Court of Appeals determined that even if the claim had not been procedurally defaulted it lacked merit "because there was no double jeopardy violation." [No. 1-3, p. 7].

In Blockburger v. United States, the court developed a test to determine, for claims of double jeopardy, whether two charged crimes were actually one single offense. 284 U.S. 299 (1932). The Court stated "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory

7

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id at 304. If each individual crime requires proof of facts that the other doesn't, there are two separate offenses. Id. Here Downer would be subject to double jeopardy if his actions which led to the domestic assault in the third-degree charge were included in either of the domestic assault in the second-degree charges. The charge of domestic assault in the second degree has different elements than does domestic assault in the third degree. Importantly the action that underlies the domestic assault in the third degree, striking the victim while both were standing, is not a part of the underlying conduct of either of the domestic assault in the second-degree charges. Because the two crimes have different requirements of proof, and separate underlying conduct, Downer was not subject to double jeopardy by being charged with both third- and second-degree domestic assault.

    When considering claims of double jeopardy, Missouri courts apply the separate or several offenses rule. State v. Barber, 37 S.W.3d 400, 403 (Mo. App. E.D. 2001). The separate or several offenses rule allows defendants to be subject to multiple convictions under the same statute if they have, in law and fact, committed separate crimes. Id. The separate or several offenses rule allows defendants to be charged with several offenses arising from one common set of

facts without violation of double jeopardy. State v. Childs, 684 S.W.2d 508, 511 (Mo. Ct. App. 1984). In Missouri, a person commits an individual act of assault "each time [they] form…intent to attack the victim." State v. Tyler, 196 S.W.3d 638, 641 (Mo. Ct. App. 2006).

The aspect of double jeopardy that Downer is concerned with is the guarantee that he not be subject to multiple punishments for one offense. This aspect of double jeopardy prevents defendants from being punished multiple times for conduct that is really the same offense by limiting the sentences courts can impose to only the punishment the legislature intended for a given crime. Barber, 37 S.W.3d at 403. To determine whether the Missouri legislature intended to allow multiple charges it is prudent to first look to the statute under which the defendant was charged. Id. In Missouri, a person has committed "the offense of domestic assault in the second degree if *the act* involves a domestic victim…" Mo. Rev. Stat. § 565.073 (2016) (emphasis added). At the time Downer made his plea the language of the third-degree domestic assault statute was substantially the same. Mo. Rev. Stat. § 565.074 (2016). Missouri courts have interpreted the statute and held that second degree domestic assault offenses are singular "acts" as opposed to acts that are part of a continuous course of conduct. *See* Bracken v. State, 453 S.W.3d 866 at 875 (Mo. Ct. App. 2015).

When considering the merit of Downer's claim the Court of Appeals

specifically discussed that domestic assault is defined as an act and is different in kind than offenses involving continuing courses of action like false imprisonment or bigamy. Providing additional support to the claim that the acts were separate discrete offenses the court noted that it is established Missouri law that there are different mental states required to prove the separate acts of second- and third-degree domestic assault that the prosecution would have to prove if Downer decided to go to trial.

    Even though all three charges against Downer arose from the same set of circumstances, each act (striking, kicking, and chocking the victim) was a separate offense under Missouri law. *See* Schofield v. State, 750 S.W.2d 463, 466 (held that stabbing victim with a knife, beating victim with a piece of wood, and strangling victim with a nylon strap were each individual chargeable acts and accordingly not violative of double jeopardy); *see also* State v. Tyler, 196 S.W.3d at 641 (holding that multiple charges of assault rising from the same incident did not violate double jeopardy as the defendant had sufficient time to reflect on his conduct and re-establish intent).

    The assaults on the victim in this case occurred in a short period of time but Downer had sufficient time between each assault to reflect on his actions and re-establish his intent to continue the assault. Downer began his attack on the victim while both were standing. Downer striking the victim while both were standing is

the conduct underlying the charge of domestic assault in the third degree. After Downer struck her, the victim fell to the ground. During the time the victim fell to the ground Downer had the opportunity to reflect on his action and re-establish his intent to continue the assault. Once the victim was on the ground, Downer proceeded to kick the victim in the face and choke her.

Just as Downer had sufficient time to reflect on his actions and re-establish his intent to continue the assault between striking the victim while both were standing and assaulting her while she was on the floor, he also had sufficient time to reflect on his actions and re-establish his intent to continue the assault during the time between kicking and choking the victim. After initially striking the victim he could have stopped the assault and walked away. Between choking and kicking victim while she was on the floor, he could have stopped and walked away. Each action (striking, kicking, and choking) was a separate violation of Missouri law and the decision of the state court that Downer had not been subject to double jeopardy is reasonable and entitled to deference.

### B. DOWNER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM FAILS BECAUSE IT RELIES ON HIS FAILED DOUBLE JEOPARDY CLAIM

In order for Downer to succeed on his claim of ineffective assistance of counsel he must show that his counsel fell below an objective standard of reasonableness, and that but for his counsel's objectively unreasonable assistance

he would have succeeded. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Missouri courts have made clear that it is not unreasonable for trial counsel to forgo a double jeopardy claim that is not supported by the facts of the case. *See* Burton v. State, 745 S.W.2d 185, 187 (Mo. Ct. App. 1987) (holding that when the record doesn't support a claim of double jeopardy, defendant's claim of ineffective assistance of counsel premised on failure to object on double jeopardy grounds fails); *see also* Miller v. State, 974 S.W.2d 659, 662 (Mo. Ct. App. 1998) (holding "counsel not ineffective for failing to raise a meritless claim during the guilty plea proceedings."); *see also* Byrd v. State, 577 S.W.2d 179 (Mo. Ct. App. 1979) (Holding that if the allegation of double jeopardy is invalid, a claim of ineffective assistance of counsel based on double jeopardy cannot lie).

The Eighth Circuit Court of Appeals has similarly established that when the underlying claim lacks merit, counsel was not ineffective for failing to pursue the claim. *See* Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding an ineffective assistance of counsel claim failed "because we have just rejected as meritless the claim [defendant] asserts counsel should have pursued."); *see also* Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (holding "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

The reasoning of various courts can be reduced to this "[A] [m]ovant cannot successfully contend trial counsel failed [them] when trial counsel's advice was not

in error." Byrd, 577 S.W.2d at 181. If defendants could later claim they had received ineffective counsel because their attorney had failed to make a meritless claim, there would be no end to claims of ineffective assistance of counsel. Contrary holdings would result in a significant waste of judicial resources.

Downer claims he received ineffective assistance of counsel because his trial counsel did not seek dismissal of at least one of the charges against him based on a theory that the multiple charges amounted to a violation of his right to be free of double jeopardy. Without a finding that Downer's right to be free of double jeopardy was violated his claim of ineffective assistance of counsel must fail. I found that the Missouri Court of Appeals' decision that Downer was not subject to double jeopardy was reasonable and deserving of deference. Accordingly, Downer's claim of ineffective assistance of counsel must fail.

### C. THE COURT DID NOT ERR IN ACCEPTING DOWNER'S ALFORD PLEAS ARISING FROM A COMMON SET OF FACTS.

When a defendant decides to plead guilty, they are making a choice to forgo the chance to challenge the theory of the indictments. United States v. Broce, 488 U.S. 563, 570 (1989). In Broce, the court also stated that once a plea is entered and conviction is final any "inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative the conviction and plea...foreclose the collateral attack." Id at 569.

Under Missouri law a guilty plea "waives all constitutional and statutory

claims." Stanley v. State, 420 S.W.3d 532, 544 (Mo. 2014) (citing Garris v. State, 389 S.W.3d 648, 651-52 (Mo. 2012). The only two exceptions Missouri courts have permitted are "jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently." Id.

Downer's claim that the plea court erred in accepting his *Alford* plea is based on his theory that his right to be free from double jeopardy had been violated. Downer claims the plea court erred in accepting his pleas to multiple charges because the facts only supported a single charge of domestic assault. [No. 1]. Even if Downer were correct and he had been subject to double jeopardy his claim would be moot because absent a jurisdictional defect or issue with the voluntariness of his plea, his *Alford* plea forecloses his challenge. Downer has not raised any jurisdictional claims other than his claim that he had been subjected to double jeopardy.

As discussed above the facts of the case support the multiple charges brought against Downer. Just as the Court of Appeals' decision that Downer's actions constituted three separate violations of Missouri law was reasonable and deserving of deference their decision that the plea court did not error in accepting his plea for lack of jurisdiction based on his claim of double jeopardy was also reasonable and deserving of deference.

## II. DOWNER'S PLEA WAS VOLUNTARY.

The state court's decision that Downer's plea was entered voluntarily is deserving of the same level of deference as its decisions about Downer's double jeopardy claims. Downer claims that his *Alford* plea was not voluntarily made because had he known he would not receive probation he would not have agreed to make a plea and instead would have gone to trial. In making their decision that Downer's plea was entered voluntarily the Court of Appeals noted that the record did not reflect any promise being made with regard to sentencing by his counsel or by the court. [No. 1-3, p. 11]. The Court of Appeals also noted that Downer's claim of a promise of probation was undercut by the fact that his attorney asked for a sentence in the middle of the guideline rather than probation. [No. 1-3, p. 11]. Finally, the Court of Appeals addressed the fact that while the trial court had discussed being open to the possibility of probation it also made clear on the record that Downer's sentence could range anywhere from a sentence of one day to thirty-one years imprisonment.

Having reviewed the record, I agree with the Missouri Court of Appeals and conclude that the record does not support Downer's claim. With regard to a potential sentence of probation the record actually reflects that no promise was made by the court:

> Q: And then based upon that, have any threats or promises been made to you in order to make you plead guilty here today?
>
> A: No, Sir, Your Honor.

> Q: Are you pleading guilty of your own free will?
>
> A: Yes, Sir, Your Honor.

[No. 11-1, p. 35]. The court also made clear that prior to making any decision about the possibility of probation it would consider Downer's pre-sentencing report:

> The Court: So I want to hear what the – what the report gives me and then certainly the State will have an opportunity to present whatever, but I would certainly most likely like to hear from your wife at that hearing. So it's important that you cooperate with the Board of Probation and Parole so that they get full and complete and accurate information for me, so that when we come back on July 10th I'll have all the information available in order to make a reasoned and fair decision as to what the sentence should be, okay?

[No. 11-1, p. 42-43].

In addition to the record before it the Missouri Court of Appeals relied on Missouri law to come to their decision. In McMahon v. State, the court held that the "expectation that a defendant will receive a lighter sentence does not make a plea involuntary." 569 S.W.2d 753, 758 (Mo. 1978). Similarly, a defendant's hope of a lesser sentence does not make a guilty plea involuntarily entered. *See* Abrams v. State, 521 S.W.2d 177 (Mo. App. 1975) (holding that even when a court did not stick to the sentence suggested by the prosecutor as part of a plea deal, a sentence above what the defendant hoped for did not make a guilty plea involuntary). Here the record does not reflect any sort of plea deal made with the prosecution:

> Q: And so there's not an agreement between you and the State as to what the sentence should be, so the full range of punishment is open to this Court to impose upon you as I see fit. Do you understand that?

16

>   A: Yes, sir, Your Honor.
>
>   Q: So I could sentence you to the minimum of one day; I could sentence you to the maximum of 31 years; I could impose a fine of up to $11,000; I could grant you probation or not grant you probation; or do some combination of jail time, probation and a fine. Do you understand that?
>
>   A: Yes, sir, Your Honor.
>
>   Q: And knowing all that, do you still wish to plead guilty?
>
>   A: Yes, sir, Your Honor.

[No. 11-1, p. 38].

Downer entered a blind Alford plea, and was advised on the record that he could be sentenced to up to thirty-one years in prison. Downer may well have hoped for a sentence consisting only of probation, but that hope did not make his plea involuntary.

Downer also claims that his attorney misled him into believing that he would receive probation. [No. 1]. The record does not support Downer's claim that he was misled, it actually refutes his claim. But even if his attorney had made a prediction that he would receive a light sentence that would not be a basis for finding his plea was involuntary. *See* Stanley v. State, 513 S.W.3d 402 (Mo. Ct. App. 2017) (holding that a plea was not entered involuntarily when counsel allegedly implied a guilty plea would result in a lighter sentence); *see also* Torrence v. State, 861 S.W.2d 149 (Mo. Ct. App. 1993) (stating that even if

17

defendant's counsel incorrectly advised movant of his parole eligibility, that would not automatically mean the plea had not been entered voluntarily).

When a defendant claims their plea was involuntary as a result of being misled by their attorney, the test is not whether the defendant subjectively believes they were misled but rather whether it was objectively reasonable. , Holt v. State, 811 S.W.2d 827, 828 (Mo. Ct. App. 1991) (citing Norris v. State, 778 S.W.2d 823, 824 (Mo. Ct. App. 1989)). "[I]f it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted." McMahon, 569 S.W.2d at 758. As the Court of Appeals made clear in their decision denying Downer's claim, the record does not provide a reasonable basis for his belief that he would receive probation in exchange for his *Alford* plea.

Reviewing the plea record as a whole it is clear that Downer's attorney did not make any promise of probation. It is equally clear that the court made no promise that Downer would only receive probation. Downer may have gotten his hopes up that he would receive probation based on the court's discussion of the possibility, but that discussion was quickly followed by a warning that the court would not decide his sentence until the court had reviewed Downer's pre-sentencing report and heard from Downer's victim. The Court of Appeals decision that Downer's *Alford* plea was voluntary is reasonable and deserves deference.

The Court of Appeals holding that Downer's plea was voluntarily was

reasonable. So, both his claim that his plea was involuntary and his claim that the trial court erred in accepting his plea should be denied. As discussed above the two exceptions to the rule that a guilty plea waives any constitutional claims are jurisdictional defects and a finding a plea was made involuntarily. Just as his claim that the court erred in accepting his *Alford* plea because he had been subjected to double jeopardy failed so too, does his claim that the court erred in accepting his plea because it was made involuntarily.

## **CONCLUSION**

The Missouri Court of Appeals correctly denied Downer's double jeopardy claims because they were procedurally defaulted. Additionally, it did not act contrary to federal law or make an unreasonable determination of facts when it denied Downer's claims on the merits. These decisions are therefore entitled to deference and Downer's petition for habeas corpus must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Percy L. Downer for a writ of habeas corpus is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September 2019.