UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY L. DOWNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV- 00623 RWS |
| | ) |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This case is before me on petitioner Percy Downer's Fed. R. Civ. P. 59(e) motion to alter or amend the order denying his petition for habeas corpus. ECF No. [12]. For the reasons discussed below, I deny Downer's motion.

## **BACKGROUND**

On or about November 8, 2014, Percy Downer was involved in a domestic dispute, which began when Downer yelled at the victim to get her things out of the bathroom. When she left the bathroom, Downer punched her multiple times causing her to fall. Once she was on the ground Downer proceeded to choke her and then kick her. Downer was subsequently arrested and charged with two counts of domestic assault in the second degree and one count of domestic assault in the third degree.

1

Downer entered an *Alford*[1] plea to two counts of domestic assault in the second degree and one count of domestic assault in the third degree on June 1, 2015. On July 10, 2015, Downer was sentenced as a prior and persistent offender to fifteen-year imprisonment for each charge of second-degree domestic assault, to run consecutively, and one-year imprisonment for the third-degree assault charge to run concurrently.

Downer did not make a direct appeal in the state court system and, to date, has not provided any explanation for failing to do so. Downer did seek post-conviction relief through the state court system, filing a Missouri Supreme Court Rule 24.035 motion *pro se* on November 3, 2015. After obtaining counsel Downer's motion was amended. Downer sought an evidentiary hearing based on claims that he had been subject to double jeopardy and that the trial court inappropriately accepted his plea. Downer's amended motion was denied on February 8, 2017, because the court found that his claims were refuted by the record. On February 17, 2017 Downer filed a motion to reconsider, or in the alternative, a motion to amend the order and judgment, claiming the court had failed to address his double jeopardy claims. This claim was denied on March 2, 2017. Downer filed an appeal after being granted leave to do so. On February 13,

---

[1] When an *Alford* plea is entered, the defendant is not admitting the acts of the alleged crimes. Instead a defendant is admitting that based on the evidence the prosecutor would show at trial, they would likely be found guilty beyond a reasonable doubt. *See* North Carolina v. Alford, 400 U.S. 25, 37 (1970).

2

2018, the Missouri Court of Appeals affirmed the motion court's denial of Downer's motion for postconviction relief. Downer then filed this petition for a writ of habeas corpus on April 18, 2018, in this court, which I denied on September 12, 2019.

In his current motion to alter or amend the judgment, Downer challenges my decision as to the double jeopardy issue. Specifically, Downer argues his Fifth Amendment rights were violated when he was charged with and sentenced for three domestic assault violations for a single set of events.

## **LEGAL STANDARD**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment no later than 10 days after the entry of the judgment. Fed.R.Civ.P. 59(e). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. The Rule "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F.Supp. 1346, 1348 (D.Minn.1993).

In the habeas context, Rule 59(e) motion is subject to the restrictions on second or successive habeas petitions outlined in 28 U.S.C. § 2254. Barnett v. Roper, 941 F.Supp.2d 1099, 1104 (E.D. Mo 2013), see also Ward v Norris, 577 F.3d. 925, 932 (8th Cir. 2009). A Rule 59(e) motion is not a successive habeas corpus petition if it attacks the deficiencies in the habeas proceeding rather than the underlying conviction or sentence. Williams v. Norris, 461 F.3d 999, 1004 (8th Cir. 2006). In other words, if the motion asserts a "'federal basis for relief from a state court's judgment of conviction' or [is] an attack on the 'federal court's previous resolution of the claim on the merits,'" then it is a second or successive petition. Ward, 461 F.3d at 933.

## DISCUSSION

Downer's Rule 59(e) motion is a second or successive habeas petition. Because his motion attacks my "previous resolution of the claim on the merits," rather than a deficiency with the habeas proceeding, it qualifies as a successive habeas petition and must be authorized by the circuit court. Since no such authorization has been granted, I do not have the jurisdiction to review the petition.

Even if the petition was not a second or successive habeas petition, Downer failed to show the existence of a manifest error of law or fact. In his Rule 59(e) motion Downer continues to argue that his convictions violate the Double Jeopardy clause of the Fifth Amendment. But Downer fails to demonstrate any manifest

4

error of law or fact in my order denying habeas relief.

Although the cases Downer cites in his motion illustrate that there are instances where individual acts of domestic assault are considered a single offense, they are not sufficient to establish a manifest error. As I discussed in the order denying Downer's habeas petition, the domestic assault statute in Missouri defines the crime as "an act" rather than a "continuous course of conduct." ECF No. [12] at 9. Additionally, Missouri courts have held that a single incident can result in multiple convictions. See State v. Tyler, 196 S.W.3d 638, 641 (Mo. Ct. App. 2006). (holding that multiple charges of assault rising from the same incident did not violate double jeopardy as the defendant had sufficient time to reflect on his conduct and reestablish intent); Schofield v. State, 750 S.W.2d 463, 466 (Mo. Ct. App. 1988)(held that stabbing victim with a knife, beating victim with a piece of wood, and strangling victim with a nylon strap were each individual chargeable acts and accordingly not violative of double jeopardy). Therefore, the state court's decision denying Downer's petition was not unreasonable and was entitled to deference. Accordingly, Downer fails to demonstrate a manifest error of law or fact.

## **CONCLUSION**

Since Downer's Rule 59(e) motion qualifies as a successive habeas petition and fails to demonstrate manifest error, it must be denied.

Accordingly,

**IT IS HEREBY ORDERED** Fields motion for an altered or amended judgment, [No. 14], is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th of November 2019.